Raymond J. DONOVAN, Secretary of Labor, Petitioner,

v.

MICA CONSTRUCTION COMPANY and Occupational Safety and Health Review Commission, Respondents.

No. 82–1377.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1982.

Decided Feb. 9, 1983.

T. Timothy Ryan, Jr., Sol. of Labor, Frank A. White, Associate Sol. for Occupational Safety and Health, Dennis K. Kade, Counsel for Appellate Lit., Judith N. Macaluso, Atty., U.S. Dept. of Labor, Washington, D.C., for Donovan.

Stan Miller, Miller & Goldman, A Professional Ass'n, Hot Springs, Ark., for Mica Const. Co.

Before BRIGHT, and McMILLIAN, Circuit Judges, and HARRIS,* Senior District Judge.

BRIGHT, Circuit Judge.

In this petition for review, the Secretary of Labor contends that an administrative law judge (ALJ) erred in determining that respondent Mica Construction Company (Mica) had committed only a serious violation of Occupational Safety and Health Administration (OSHA) standards for protecting trenches from caving-in. After reviewing the record, we affirm.

I. *Background and Administrative Proceedings.*

Mica engages in water and sewer line construction. On December 15, 1980, a crew of Mica workers was engaged in

---

* OREN HARRIS, United States Senior District Judge, Eastern and Western Districts of Arkansas, sitting by designation.

trenching, laying sewer pipeline in the trench, and backfilling thereafter. The trench opening measured approximately twelve to thirteen feet in depth, three feet in width and approximately sixty feet in length. A cave-in occurred at the construction site injuring four workmen, one fatally. Mica failed to slope or shore the trench sides.

Following an inspection after the cave-in, OSHA cited Mica for violation of OSHA standards.[1] Mica contested the citation. Thereafter, the Secretary of Labor issued a formal complaint alleging conjunctively that Mica had committed a willful, repeated and serious violation of OSHA trenching standards. Mica denied the violation and sought a dismissal of the charges. An ALJ held a hearing on the issues, and determined that Mica had violated the trenching standard set forth in 29 C.F.R. § 1926.-652(c), found the violation serious, but not repeated or willful, and assessed a penalty in the amount of $500.

The Secretary subsequently sought discretionary review from the Occupational Safety and Health Review Commission (Commission) on grounds that Mica had committed a willful or repeated violation, rather than merely a serious violation. The Commission took no action on that petition. The determination of the ALJ thereby became a final commission order. The Secretary then filed this timely petition for review under 29 U.S.C. § 660. The Secretary contends that the ALJ erred (1) by failing to consider relevant testimony, regulatory language, and case law when concluding that Mica reasonably believed its trench was exempt from the standard's requirements, and (2) in holding that Mica's violation was not willful because the company's foreman ignored trench conditions that required support.

## II. Discussion.

■ The parties agree that to establish a willful violation the evidence must show "an act done with either intentional disregard of, or plain indifference to, the [Occupational and Safety Health] Act's requirements." *St. Joe Minerals Corp. v. OSHRC,* 647 F.2d 840, 846 (8th Cir.1981), citing, *Western Waterproofing Co. v. Marshall,* 576 F.2d 139, 142 (8th Cir.), cert. denied, 439 U.S. 965, 99 S.Ct. 452, 58 L.Ed.2d 4423 (1978).

Mica argued before the ALJ that the trenching had occurred in shale and therefore required neither shoring nor support. The ALJ rejected this defense, finding that a significant portion of the trench walls were composed of hard or compact soil. This established a prima facie showing of Mica's noncompliance with the OSHA shoring or support standards. The ALJ then noted that "[a] violation is not willful if the employer had a good faith opinion that the violation conformed to the requirement of the standard[,]" citing *C.N. Flagg & Co.,* 75 OSAHRC 32/C6, 2 BNA OSHC 1539, 1974–75 CCH OSHD ¶ 19,251 (No. 1409, 1975). The ALJ found, however, that although the president erroneously believed the trenches were exempt from the OSHA standard, his belief was reasonable under the circumstances. The ALJ concluded that because

> [t]he record discloses that respondent was aware of the standard, and possessed a good faith view, though mistaken view of its requirements. The evidence fails to disclose conduct which constitutes an intentional disregard of the requirements, and accordingly, no willful violation of the standard occurred.

The ALJ also rejected the Secretary's claim that Mica had committed a repeated violation on the grounds that an earlier offense

1. Based upon the inspector's investigation, OSHA issued a citation alleging that Mica had violated 29 C.F.R. § 1926.652(c). Section 1926.652(c) provides:

> (c) Sides of trenches in hard or compact soil, including embankments, shall be shored or otherwise supported when the trench is more than 5 feet in depth and 8 feet or more

in length. In lieu of shoring, the sides of the trench above the 5-foot level may be sloped to preclude collapse, but shall not be steeper than a 1-foot rise to each ½ foot horizontal. When the outside diameter of a pipe is greater than 6 feet, a bench of 4-foot minimum shall be provided at the toe of the sloped portion.

in 1976 did not present similarity to the present violation.

■ Our review is limited to a determination of whether substantial evidence in the record considered as a whole supports the ALJ's factual findings. 29 U.S.C. § 660(a) (1976); *Western Waterproofing v. Marshall,* 576 F.2d 139 (8th Cir.), *cert. denied,* 439 U.S. 965, 99 S.Ct. 452, 58 L.Ed.2d 423 (1978). The ALJ might have concluded that those responsible at Mica did not have a good faith or reasonable view that the trenches were exempt from OSHA shoring and supporting requirements. However, we cannot say that the finding in question should be characterized as without substantial foundation in the evidence. The record does indicate that Mica's president, its foreman on the job, and a witness for the Secretary (a former employee of Mica), all testified that they observed (although mistakenly) the material under excavation to be shale. Thus, we reject the first contention for reversal.

The Secretary's second ground for reversal is that the company foreman ignored the existence of a cave-in discovered at the construction site at the beginning of work on December 15, 1980. This theory asserts, essentially, that the cave-in discovered at the worksite on the morning of December 15, 1980 should have put the company foreman on notice of the need to shore up or slope the sides of the trench, and constitutes a willful violation of OSHA trenching standards. However, this theory was not articulated with clarity in the administrative proceedings. Mica's former employee, Ronald Stevens, provided the following testimony relating to the discovery of the first cave-in.

BY MS. WILSON [for Secretary of Labor]: (Resuming.)

Q. What was the attitude of the— who was in charge of the work that was being done there?

A. The foreman at the time was Wayne Prince.

Q. Okay. What instructions or if any, were or what was said about getting the work done?

A. Well, the ditch was open and we were down there laying pipe and we needed to get in and out of there as fast as we could because we had dug it the day before and it caved in. We left it overnight and it had caved in then.

Q. How did that happen? Can you describe what had happened, what part had caved in?

A. The north wall had caved in overnight. It wasn't completely backfilled, and we left most of it open. We had the roads blocked off.

No other testimony before the ALJ relates to this cave-in. The testimony by itself fails to define the nature and extent of the cave-in, whether the cave-in occurred spontaneously or amounted to a minor incident attributable to the backfilling operation. Significantly, witness Stevens did not compare the earlier cave-in with soil conditions at the subsequent event. When asked by the ALJ whether Stevens observed any material falling from the sides of the trench on Monday morning, Stevens testified that "the banks wasn't [sic] loose at that time." He added, however, "but we busted some water lines which made it wet in there, which might have caused it to cave in."

We note that the Secretary did not focus or cite this evidence in his post-hearing brief to the ALJ nor rely on Stevens' testimony in seeking a discretionary review. While we agree that clear evidence of a prior cave-in at the worksite on the morning of the accident shown to be ignored by Mica's foreman would provide strong and perhaps conclusive evidence of willfulness, we cannot say that Stevens' testimony, apparently belatedly relied upon by the Secretary, serves to establish Mica's disregard of an apparent danger. The issue here is close. However, given the unclear state of the record on this issue, our limited review function does not mandate reversal.

Accordingly, on this petition for review, we affirm the final administrative decision of the Commission.

McMILLIAN, Circuit Judge, dissenting.

Because I believe that on the morning of the accident Mica's foreman acted with

"plain indifférence" to an apparent danger, I must dissent. Ronald Stevens' testimony is uncontradicted that on the morning of the accident a portion of the trench wall had already caved in and that water was present in the trench. Although the foreman testified that on the morning of the accident he believed that the trench was being dug in shale rock, that belief was unreasonable in light of the presence of the cave-in and the water. Those conditions should have put the foreman on notice that the crew was not digging in solid rock and that the trench walls needed support. Furthermore, it is undisputed that Mica did not formally train the foreman in soil recognition or compliance with OSHA standards. Mica may not "fail to properly train and supervise its employees and then hide behind its lack of knowledge concerning their dangerous work practices." *Danco Construction Co. v. Secretary of Labor*, 586 F.2d 1243, 1247 (8th Cir.1978) (footnote omitted).