_____

No. 95-2194
_____

Valdak Corporation,           *
                              *
          Petitioner,         *
                              *
     v.                       * On Petition for Review of a
                              * Decision by the Occupational
Occupational Safety and Health * Safety and Health Review
Review Commission; The Secretary* Commission.
of the United States Department *
of Labor,                     *
                              *
          Respondents.        *


_____

          Submitted:  November 13, 1995

             Filed:  January 22, 1996
_____

Before HANSEN, JOHN R. GIBSON and MURPHY, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

     Valdak Corporation appeals from an Occupational Safety and
Health Review Commission decision finding Valdak in willful
violation of the Occupational Safety and Health Act, 29 U.S.C.
§§ 651-678 (1994).  After a fifteen-year-old employee's arm was
amputated when he stuck his arm in a spinning industrial dryer, the
Secretary of Labor cited Valdak for a willful violation of an OSHA
machine guarding standard, and assessed a $28,000 penalty.  Valdak
appeals, arguing that:  (1) there is no substantial evidence to
support a finding that Valdak committed a willful violation of the
Act; and (2) the Commission abused its discretion in assessing the

penalty.  We affirm.

Valdak operates a car wash in Grand Forks, North Dakota. Valdak used a machine known as an industrial centrifuge extractor to spin dry towels for use at the car wash.  The extractor had a warning:  "NEVER INSERT HANDS IN BASKET IF IT IS SPINNING EVEN SLIGHTLY."  The extractor was also equipped with an interlocking device to prevent the lid from being opened while the container inside was still spinning.  The interlocking device did not work all the time, and was not working on November 7, 1992.  On that day, fifteen-year-old Joshua Zimmerman, who was on his third day on the job at the car wash, stuck his arm in the extractor while it was spinning.  His arm was severed above the elbow.  Fortunately, doctors were able to reattach his arm.

Following an inspection by Occupational Safety and Health Administration compliance officers, OSHA cited Valdak for three violations of the Act.[1]  The Secretary concluded that the violation of the machine guarding standard[2] was willful and proposed a $28,000 penalty.  Valdak filed a notice contesting the finding of a "willful" violation and the $28,000 penalty.

After a hearing, the administrative law judge affirmed the citation for a willful violation of the machine guarding standard. The judge concluded, however, that the $28,000 penalty was excessive, and assessed a $14,000 penalty.

The Review Commission granted Valdak's petition for

---

[1]Valdak has only appealed the citation for a willful violation of the machine guarding standard.

[2]29 C.F.R. section 1910.212(a)(4)(1995) provides:  "Revolving drums, barrels, and containers shall be guarded by an enclosure which is interlocked with the drive mechanism, so that the barrel, drum, or container cannot revolve unless the guard enclosure is in place."

discretionary review.  The Commission affirmed the citation for a willful violation of the machine guarding standard, and reinstated the $28,000 penalty.  Valdak appeals.

## I.

Valdak first argues that there is no substantial evidence to sustain a citation for a willful violation of the Act.

The Commission's finding of willfulness is conclusive if supported by substantial evidence on the record as a whole.  29 U.S.C. § 660(a); Western Waterproofing Co. v. Marshall, 576 F.2d 139, 142 (8th Cir.), cert. denied, 439 U.S. 965 (1978).  To support a finding of willfulness, there must be substantial evidence that Valdak intentionally disregarded or was plainly indifferent to the requirements of the Act.  Id.  Valdak contends that this standard requires a higher degree of intent, specifically proof that Valdak "flaunted" or "obstinately refused to comply" with the requirements of the Act.

Valdak argues there is no substantial evidence to support a willful violation because Valdak had no actual or constructive knowledge of the Act's requirements.  Valdak asserts that before the Zimmerman accident, it had never received a citation for a violation of the Act and had never experienced a similar accident.  Valdak also relies on the testimony of its employees and owners who stated that they did not believe the machine was dangerous, and that Joshua Zimmerman was injured because he recklessly stuck his arm in the extractor.

Valdak's claimed ignorance of the OSHA standard does not negate a finding of willfulness.  Willfulness can be proved by "plain indifference" to the Act's requirements.  See Western Waterproofing, 576 F.2d at 142-43; Georgia Elec. Co. v. Marshall, 595 F.2d 309, 319 (5th Cir. 1979).  Plain indifference to the

-3-

machine guarding requirement is amply demonstrated by the facts that the dryer was equipped with an interlocking device, the interlocking device did not work, and Valdak continued to use the dryer with the broken interlock device. An employer who substitutes his own judgment for the requirement of a standard or fails to correct a known hazard commits a willful violation even if the employer does so in good faith. Western Waterproofing, 576 F.2d at 143; accord Reich v. Trinity Indus., Inc., 16 F.3d 1149, 1153-54 (11th Cir. 1994) (showing of bad purpose not required to prove willfulness).

We also reject Valdak's argument that the Secretary must prove that Valdak knew of the Act's requirements, and "flaunted" or "obstinately" refused to comply. It is well settled that this circuit has defined willfulness as an act done voluntarily with either an intentional disregard of, or plain indifference to, the Act's requirements. See, e.g., Donovan v. Mica Constr. Co., 699 F.2d 431, 432 (8th Cir. 1983); St. Joe Minerals Corp. v. Occupational Safety & Health Review Comm'n, 647 F.2d 840, 846 (8th Cir. 1981); Western Waterproofing, 576 F.2d at 142-43. We rejected the Third Circuit's definition of willfulness, requiring an "element of obstinate refusal to comply," in Western Waterproofing Co., 576 F.2d at 143.

Similarly, Valdak's argument that there can be no willfulness because the accident was caused by a reckless act is fully answered by the Commission's findings that Valdak did not have a work rule that effectively implemented the requirements of the standard. To establish the defense of unforeseeable employee misconduct, Valdak must prove that it had a work rule in place which implemented the standard, and that it communicated and enforced the rule. "[T]he proper focus in employee misconduct cases is on the effectiveness of the employer's implementation of its safety program . . . ." Brock v. L.E. Meyers Co., 818 F.2d 1270, 1277 (6th Cir.), cert. denied, 484 U.S. 989 (1987). See Danco Constr. Co. v. Occupational

-4-

Safety & Health Review Comm'n, 586 F.2d 1243, 1246-47 (8th Cir. 1978).  Valdak did not have a rule prohibiting employees from using the extractor if the interlocking device was inoperative.  Indeed, there is evidence not only that employees opened the extractor while it was still spinning, the car wash manager knew about this practice.

In light of this evidence, Valdak's claim of concern for employee safety cannot negate a finding of willfulness.  If an employer knowingly permits a serious hazard to exist, it has acted willfully even if the workplace is otherwise safe.  See, e.g., Western Waterproofing, 576 F.2d at 143-45.  Moreover, the record does not support Valdak's claim that it exhibited a high regard for employee safety.  In addition to the problems detailed above with the extractor, Valdak had no formal safety programs or written safety manuals.  See Danco Constr. Co., 586 F.2d at 1247 (employer cannot fail to properly train and supervise its employees and then hide behind its lack of knowledge concerning their dangerous working practices).  This lack of training is particularly troubling because Valdak's workforce consisted primarily of young and inexperienced employees. Although receipt of a prior warning from OSHA may be a factor in determining if willfulness exists, a prior warning is not a necessary condition to finding willfulness. National Steel and Shipbuilding Co. v. Occupational Safety and Health Review Comm'n, 607 F.2d 311, 317 (9th Cir. 1979).  Cf. Donovan, 699 F.2d at 433 (prior accident would be strong and perhaps conclusive evidence of willfulness).

There is substantial evidence to support the finding that Valdak's violation of the machine guarding standard was willful.

**II.**

Valdak next argues that the Commission abused its discretion in increasing the penalty to $28,000.

In assessing civil penalties, the Commission considers: the size of the employer's business; the gravity of the violation; the good faith of the employer; and the history of previous violations. 29 U.S.C. § 666(j).

The Commission based its assessment on findings that: Valdak has 125 employees and is "a relatively small company;" the gravity of the violation is high; and Valdak lacked good faith because of its failure to adequately supervise its employees and to maintain the interlock system.

Valdak disputes each of these findings. It argues that since the citation only involved Valdak's car wash business, the Commission should assess the penalty based only on the thirty to fifty car wash employees. It also argues that the gravity of the violation is low because it was Joshua Zimmerman's deliberate and reckless act which caused his injury, not Valdak's indifference to safety. Valdak also contends that it is entitled to credit for good faith because it took immediate corrective measures even before the OSHA inspection, and had made plans to replace the extractor well before the accident. Finally, Valdak contends that the Commission failed to reduce the penalty based on Valdak's prior clean record with OSHA.

We will not disturb an agency's sanction unless it is unwarranted in law or without justification in fact. Valkering, U.S.A., Inc. v. United States Dep't of Agriculture, 48 F.3d 305, 309 (8th Cir. 1995) (citing Butz v. Glover Livestock Comm'n Co., 411 U.S. 182, 185-86 (1973)).

None of Valdak's arguments demonstrate that the penalty is unwarranted in law or without justification in fact. Under the effective penalty structure, the Commission could have assessed a penalty ranging from $5,000 to $70,000. 29 U.S.C. § 666(a). An employer's size, for the purpose of a civil penalty assessment, may

encompass the employer's "total corporate structure." Hudson Stations, Inc. v. United States Envtl. Protection Agency, 642 F.2d 261, 264 (8th Cir. 1981). Moreover, the OSHA compliance officer testified that the violation was of high gravity because a number of employees were exposed to the hazard, the duration of exposure was lengthy, and the consequences of an accident could be severe. Thus, there is substantial evidence to support the penalty assessment.

We affirm the Commission's decision.

A true copy.

Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-