In re ESTABLISHMENT INSPECTION
OF KOHLER COMPANY.

Appeal of KOHLER CO.

No. 90–1990.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 11, 1991.

Decided June 4, 1991.

Stephen A. Ingraham, Asst. U.S. Atty., Office of U.S. Atty., Milwaukee, Wis., Bruce Justh, Dept. of Labor, Appellate Litigation, Washington, D.C., Cyrus A. Alexander, Dept. of Labor, Chicago, Ill., for petitioner-appellee.

Timothy P. Payne, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., Paul H. Ten Pas, Kohler, Wis., for respondent-appellant.

Before CUMMINGS, POSNER, and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

Respondent Kohler Company seeks to quash an administrative search warrant issued to the Occupational Safety and Health Administration (OSHA). Kohler claims that OSHA lacked probable cause to inspect its plant. OSHA has completed the inspection and maintains that the case is moot. Kohler has not exhausted the administrative remedies available to it, however, and we decline to enter the fray before the Occupational Safety and Health Review Commission (OSHRC or Review Commission) acts. We therefore dismiss Kohler's appeal.

## I.

Kohler manufactures sanitary and other plumbing fixtures at its plant in Kohler, Wisconsin. On January 11, 1990, the OSHA office in Appleton, Wisconsin, received a formal complaint from a Kohler employee alleging the existence of a hazardous condition in the Kohler plant. The complaint stated that the employee and others had been injured in October 1989 when they slipped into a tank of cleaning fluid containing sodium hydroxide. After receiving the complaint, an OSHA compliance officer sought access to the plant to investigate the complaint, and asked to examine Kohler's 1988 and 1989 injury records to determine whether the number of injuries at Kohler's plant exceeded the national average. Kohler allowed OSHA to inspect the area around the cleaning tank, and provided injury records related to that area, but declined to produce injury records related to the rest of the plant. OSHA applied to a federal magistrate for an administrative search warrant that would require Kohler to produce the records and to submit to a comprehensive inspection of its entire facility if those records revealed that Kohler's injury rate exceeded the national average for manufacturing concerns. A magistrate issued the warrant on February 6, 1990.

Kohler continued to balk at providing the injury records to OSHA but ultimately relented. OSHA calculated Kohler's lost-work-day injury rate to be 8.2 per 100 employees, almost double the national average of 4.2 for manufacturing facilities. OSHA then attempted to conduct the wall-to-wall inspection authorized by the warrant, but Kohler refused to grant OSHA inspectors access to the plant. On February 16, 1990, Kohler filed a motion to quash the warrant and OSHA filed a cross-motion to show cause why Kohler should not be held in contempt for failing to honor the warrant. Without a hearing, the district court denied both motions on April 19, 1990, and ordered Kohler to submit to the inspection. Kohler filed a notice of appeal on May 1, 1990, and requested that the district court stay its order pending appeal. On May 8, while the district court was considering the stay application, Kohler permitted OSHA to begin its inspection; Kohler halted the inspection on May 17 when the court granted the stay. OSHA appealed the stay to this court, which lifted it on June 14, 1990. OSHA then proceeded to complete the inspection. Kohler has maintained its appeal of the district court's order denying its motion to quash the warrant.

## II.

OSHA has completed its inspection of Kohler's manufacturing facility. Kohler's motion to quash the inspection warrant is therefore moot, it submits, because there is no meaningful relief available to Kohler

812

should we determine that the warrant was invalid. OSHA recognizes that the possibility that evidence obtained during the inspection might be suppressed during subsequent administrative hearings would save the case from mootness, but maintains that the exclusionary rule does not apply to OSHA enforcement proceedings. That presents an interesting question, though not necessarily a dispositive one, since a determination that the OSHA inspectors lacked probable cause also could conceivably support a section 1983 action, giving Kohler another possible remedy for the unconstitutional search and rescuing the case from mootness. In any event, it is a question that is not yet ripe for our consideration as Kohler has not exhausted its administrative remedies.

OSHA has not raised Kohler's failure to exhaust administrative remedies. Our review of requirements of the Occupational Safety and Health Act of 1970 (OSH Act), however, convinces us that we are without jurisdiction to consider Kohler's challenge to the warrant that authorized OSHA's inspection. Section 10(a) of the OSH Act requires parties to contest OSHA citations before the Review Commission before obtaining judicial review.[1] 29 U.S.C. § 659. In addition, § 11(a) of the Act provides that "no objection that has not been argued before the Commission shall be considered by the court...." 29 U.S.C. § 660. We cannot, therefore, review a motion to suppress evidence in an OSHRC proceeding that has not been presented to the Review Commission. In this case, Kohler's motion to suppress comes in the guise of an appeal of the district court's order denying Kohler's motion to quash the warrant that authorized OSHA's inspection; the inspection has been completed and the only relief Kohler now seeks is suppression of the evidence garnered during the inspection. This is not a case like *Blocksom & Co. v. Marshall*, 582 F.2d 1122 (7th Cir.1978), in which the employer was able to avoid the

exhaustion requirement by challenging a civil contempt citation in addition to raising constitutional claims. We thus face the same situation we would face had Kohler presented a motion to suppress evidence directly to us, and we are similarly constrained by the OSH Act from addressing the merits of that motion until it has been presented to the Review Commission. To address Kohler's motion to quash now would enable Kohler to circumvent the statutory exhaustion requirement.

That there are as yet no administrative proceedings at which Kohler can raise its fourth amendment objections to OSHA's inspection does not spare Kohler from the exhaustion requirement. Unless administrative hearings take place, there will be no occasion to suppress evidence. In any event, the Secretary of Labor tells us that she intends to issue citations to Kohler based on information obtained in the inspection, and "the only remaining relevance of [Kohler's] objections derives from the possibility of a future OSHA proceeding utilizing evidence acquired in the ... inspection." *In re Establishment Inspection of Metal Bank of America*, 700 F.2d 910, 915 (3d Cir.1983). The objections should therefore be addressed first in the OSHRC proceedings.

Courts usually require parties aggrieved by the action of an administrative agency to exhaust the process afforded them by the agency before turning to the courts for help. The exhaustion doctrine protects the autonomy of administrative agencies, respects administrative expertise, facilitates judicial review by ensuring a well-developed factual record, and promotes judicial economy by avoiding piece-meal review of cases and by giving the agency the opportunity to resolve the case to the parties' mutual satisfaction without judicial interference. *See generally* 4 K. DAVIS, ADMINISTRATIVE LAW TREATISE § 26:1 at 415 (2d ed. 1983). The rationale for applying the doctrine may be even stronger in the con-

1. The Commission is an adjudicatory agency, independent of the Department of Labor and the Occupational Safety and Health Administration. It was established to resolve disputes arising out of enforcement actions brought by the Secretary of Labor and has no regulatory function. *See* 29 U.S.C. § 659(c); *Martin v. OSHRC*, — U.S. —, 111 S.Ct. 1171, 1174, 113 L.Ed.2d 117 (1991).

text of a case, like this one, that raises a constitutional question, because the exhaustion requirement enables courts to avoid deciding cases on constitutional grounds unnecessarily; during administrative proceedings the constitutional issue, or the entire case, for that matter, may be resolved favorably for the aggrieved party, obviating the need for the courts to address the constitutional claim. These considerations have led many circuits to require companies seeking to suppress evidence obtained during OSHA inspections to contest OSHA citations before the Review Commission before turning to the federal courts for relief. *See, e.g., Secretary of Labor v. Trinity Indus.*, 1991 WL 9595 (OSHRC) (in which the Sixth Circuit Court of Appeals in an unpublished opinion denied motion to quash warrant after inspection had been completed due to petitioner's failure to exhaust administrative remedies); *Robert K. Bell Enters. v. Donovan*, 710 F.2d 673, 675 (10th Cir.1983); *Metal Bank of America*, 700 F.2d 910, 914–15 (3d Cir. 1983); *Baldwin Metals v. Donovan*, 642 F.2d 768, 771–72 (5th Cir.), *cert. denied*, 454 U.S. 893, 102 S.Ct. 389, 70 L.Ed.2d 207 (1981); *Matter of J.R. Simplot Co.*, 640 F.2d 1134, 1137 (9th Cir.1981), *cert. denied*, 455 U.S. 939, 102 S.Ct. 1430, 71 L.Ed.2d 649 (1982); *Babcock and Wilcox Co. v. Marshall*, 610 F.2d 1128, 1137–38 (3d Cir.1979); *Marshall v. Central Mine Equip. Co.*, 608 F.2d 719 (8th Cir.1979); *In re Worksite Inspection of Quality Products, Inc.*, 592 F.2d 611 (1st Cir.1979); *Todd Shipyards Corp. v. Secretary of Labor*, 586 F.2d 683 (9th Cir.1978); *cf. Koppers Indus. v. EPA*, 902 F.2d 756, 759 (9th Cir.1990) (challenge to EPA search held premature because administrative process incomplete).

Nevertheless, this Court has previously declined to apply the doctrine of exhaustion of administrative remedies in the context of challenges to OSHA inspections. *See Federal Casting Div. v. Donovan*, 684 F.2d 504, 507–08 (7th Cir.1982); *Weyerhaeuser Co. v. Marshall*, 592 F.2d 373, 375–77 (7th Cir.1979). In *Weyerhaeuser*, we reasoned that exhaustion should not be required because administrative proceedings would not serve either of two important rationales for

the rule. We observed that the factual record that would be developed during administrative proceedings would provide little assistance to judicial review of the sufficiency of a warrant, and observed that there was no possibility that the administrative proceedings would moot the fourth amendment challenge to the suit because the Review Commission had never before ruled on the issue of a warrant's validity. 592 F.2d at 376. In *Federal Casting*, we repeated these conclusions without further analysis.

This case is factually distinguishable from *Weyerhaeuser*, however, and does not warrant the same treatment. In *Weyerhaeuser*, we premised our conclusion that administrative proceedings cannot resolve a fourth amendment challenge to an OSHA search on the Review Commission's policy of not reaching fourth amendment questions. Before the Supreme Court's opinion in *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), requiring OSHA to obtain warrants prior to conducting inspections, "the Review Commission had declined to rule on challenges to warrants [in cases where, notwithstanding its statutory power to conduct warrantless searches, OSHA had in fact obtained a warrant], because it believed that to do so would require it to pass, at least implicitly, on the constitutionality of its underlying statute, which had authorized warrantless searches." *Babcock and Wilcox*, 610 F.2d at 1139; *see Chromalloy American Corp.*, 7 OSHC 1547, 1548 (1979). After the Court's decision in *Barlow's*, however, the Review Commission no longer faced the prospect of ruling on the constitutionality of its enabling statute and, after a period of uncertainty, began to consider constitutional challenges to OSHA inspection warrants. *See, e.g., Secretary of Labor v. Trinity Indus., Inc.*, 1991 WL 9595 (OSHRC); *Smith Steel Casting Co. v. Brock*, 800 F.2d 1329 (5th Cir.1986); *Donovan v. Sarasota Concrete Co.*, 693 F.2d 1061 (11th Cir.1982); *Secretary of Labor v. Synkote Paint Co.*, 1986 WL 53531 (OSHRC); *see also Chromalloy American Corp.*, 7 OSHC at 1548–49 (announcing

change of policy). We are thus not faced here with a case like *Weyerhaeuser* in which requiring an employer to exhaust administrative remedies would prove futile. We will therefore now join the other circuits that require parties challenging completed OSHA inspections on fourth amendment grounds to address their arguments to the Review Commission before turning to the federal courts. *Weyerhaeuser*, however, continues to stand for the proposition that we will not require parties to exhaust administrative remedies when to do so would be pointless.

In the course of arguing that the exclusionary rule should not apply to proceedings before the Review Commission, OSHA maintains that it is inappropriate for the Commission to rule on motions to suppress evidence. OSHA suggests that such rulings raise separation of powers concerns, requiring a legislative tribunal to pass on the sufficiency of a warrant issued by an Article III judicial officer. This reasoning mischaracterizes the relationship of the administrative and judicial proceedings at issue. What OSHA views as one proceeding are really two distinct cases. The first involves OSHA's enforcement program; OSHA enforcement actions are reviewable in the first instance by the Review Commission, then by federal Courts of Appeals. To proceed with an inspection, OSHA must initiate a second proceeding to obtain a search warrant from a federal district court. That warrant is reviewable in the district court, and subsequently in the Court of Appeals, until OSHA completes its inspection. Here, the district court reviewed the warrant before the inspection, and denied Kohler's motion to quash, but stayed the warrant pending our review. We, in turn, declined to review the warrant prior to the inspection and lifted the stay. OSHA then completed its inspection and Kohler's motion to quash the warrant became moot, except insofar as it can be treated as a motion to suppress the evidence obtained during the allegedly unconstitutional search. The OSH Act, as we noted above, requires such motions to be addressed in the first instance by the Re-

view Commission, not by the Court of Appeals.

Nothing the Review Commission does now can effect the validity of the warrant. The Commission will merely decide whether to admit the evidence obtained by means of the warrant. "In deciding whether to use this evidence the Review Commission must of course, makes its own judgment as to the propriety of the warrant [sic], but such a determination does not reverse the magistrate's action, nor does it contravene a judicial order." *Babcock and Wilcox*, 610 F.2d at 1136. Requiring Kohler to exhaust its administrative remedies in this case thus does nothing to diminish the authority of the magistrate's warrant or to disenfranchise the district court by eliminating its ability to review the warrant. Indeed, the only infringement of separation of powers would occur if we were to preempt the Commission from considering whether to suppress evidence obtained during an inspection; that course "would be to allow the magistrate to control admissibility determinations in contravention of administrative autonomy." *Sarasota Concrete*, 693 F.2d at 1066. We therefore conclude that "[a]ny conflict between two branches of government over the propriety of the warrant is mostly imaginary, while the conflict with the statutory scheme and administrative exigencies if exhaustion is not required will be quite real." *Babcock and Wilcox*, 610 F.2d at 1137.

In *Weyerhaeuser* we expressed a concern that applying the exhaustion doctrine would have negated the district court's ability, as opposed to our own, to review the magistrate's warrant. 592 F.2d at 377. No similar concern is present in this case because here, unlike in *Weyerhaeuser*, OSHA's policy of permitting employers to challenge the warrant provided the district court an opportunity to review the warrant before OSHA conducted its inspection. Were OSHA to abandon its practice of delaying inspections pending review of inspection warrants issued by magistrates, however, we might be forced to reevaluate our position. If, as OSHA contends, the exclusionary rule does not apply in proceedings before the Review Commission, OSHA

might be able to moot the challenge to the warrant before an Article III court could address the question by conducting the search immediately after the warrant issues. By conducting the search immediately, OSHA could preempt an ex ante appeal by the employer to the district court and ex post consideration of the sufficiency of warrant, whether by the district court or the Court of Appeals, might be moot absent the possibility of suppressing the evidence obtained during the inspection. That result might violate the provisions of the Federal Magistrates Act that give magistrates the power to rule on most pretrial matters subject to some degree of review by the district court, *see* 28 U.S.C. § 636(b)(1), for it would effectively transform the magistrate's decision to issue the warrant into an unreviewable decision about whether to admit evidence found during the inspection. Vesting magistrates with that authority also raises constitutional questions concerning the extent to which article III requires federal judges to review the legal determinations made by magistrates. The answer to that question is far from clear. *See Thomas v. Arn,* 474 U.S. 140, 153–54, 106 S.Ct. 466, 473–74, 88 L.Ed.2d 435 (1985); *United States v. Raddatz,* 447 U.S. 667, 681, 100 S.Ct. 2406, 2415, 65 L.Ed.2d 424 (1980); on the related question of the need for and required scope of article III review of quasi-judicial activities of non-article III officials generally, *see Commodity Futures Trading Comm'n v. Schor,* 478 U.S. 833, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986); *Thomas v. Union Carbide Agr. Products Co.,* 473 U.S. 568 at 582–93, 105 S.Ct. 3325 at 3333–39, 87 L.Ed.2d 409 (1985); *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). We therefore premise our holding on the ability of employers to challenge OSHA inspection warrants before an article III court, either during the enforcement proceedings brought by OSHA under the OSH Act or during the proceedings associated with obtaining the inspection warrant from the district court.

Kohler's appeal is dismissed. The question of the admissibility of evidence obtained during OSHA's inspection of Kohler's plant is preserved for consideration by the Review Commission.