Joseph M. GLISSON, Plaintiff–Appellant,

v.

UNITED STATES FOREST SERVICE; F. Dale Robertson, Chief, United States Forest Service; Floyd Marita, Regional Forester, United States Forest Service; et al., Defendants–Appellees.

No. 93–3261.

United States Court of Appeals, Seventh Circuit.

Submitted April 21, 1995.

Decided June 1, 1995.

Joseph M. Glisson (submitted), Creal Springs, IL, pro se.

Leslie Auriemmo, Dept. of Agriculture, Milwaukee, WI, William E. Coonan, Asst. U.S. Atty., Civ. Div., Fairview Heights, IL, for defendants-appellees.

Before POSNER, Chief Judge, and FAIRCHILD and KANNE, Circuit Judges.

POSNER, Chief Judge.

This appeal requires us to consider the scope and application of the doctrine of exhaustion of administrative remedies. We simplify the facts slightly. On January 17, 1990, the supervisor of the Shawnee National Forest in southern Illinois authorized a sale of timber. Under the regulations of the Department of Agriculture (of which the U.S. Forest Service is a part), a person objecting to the sale had 45 days within which to file a notice of appeal to the Regional Forester, 36 C.F.R. § 217.7(b)(1), stating among things the reasons for the objection. 36 C.F.R. § 217.9(b). On February 1, Joseph Glisson filed a notice of appeal that did not contain a statement of the reasons for his objection, so on February 15 the notice was dismissed. He was promptly informed of this action, though we do not know exactly when. He had until March 5 or 8 (we are not certain which) to file a timely, conforming notice of appeal with the Regional Forester. But he filed nothing until September 11, 1991, more than a year and a half later, when he tried to renew his appeal on the basis of "new information"—which the Regional Forester determined was not new. Before this determination, while his renewed appeal was pending, Glisson brought this suit in federal district court to enjoin the sale, which had not yet taken place. The ground for the suit was that the sale would violate several different federal statutes. After the Regional Forester rejected Glisson's belated appeal as untimely, the court, without considering the merits of the suit, which Glisson had standing to bring as a recreational user of the Shawnee National Forest, *Sierra Club v. Morton,* 405 U.S. 727, 734, 92 S.Ct. 1361, 1365, 31 L.Ed.2d 636 (1972); *Sierra Club v. Marita,* 46 F.3d 606, 611 (7th Cir.1995), dismissed it on the ground that Glisson had failed to exhaust his administrative remedies. The court made the dismissal with prejudice because it was too late for Glisson to cure the problem that had caused the dismissal by exhausting those remedies. The doors of the agency were closed to him because of his failure to file a timely appeal to the Regional Forester.

Exhaustion of administrative remedies is a doctrine—originally and still to a large extent judge-made though now codified in cases governed by the Administrative Procedure Act by section 10(c) of the Act, 5 U.S.C. § 704—under which a court asked to invalidate an administrative order will stay its hand until the plaintiff has exhausted whatever internal remedies the agency provides. *Reiter v. Cooper,* —— U.S. ——, ——–——, 113 S.Ct. 1213, 1220–21, 122 L.Ed.2d 604 (1993); *McCarthy v. Madigan,* 503 U.S. 140, 144, 112 S.Ct. 1081, 1086, 117 L.Ed.2d 291 (1992). The doctrine cuts down

on the work of the courts, preserves the integrity and autonomy of the administrative process, and ensures that when the administrative proceeding does come before the court, the court will have before it the mature, considered, and final articulation of the basis of the agency's action. *Id.* at 145–46, 112 S.Ct. at 1086–87; *Weinberger v. Salfi,* 422 U.S. 749, 765, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975); *In re Establishment Inspection of Kohler Co.,* 935 F.2d 810, 812 (7th Cir.1991). The doctrine is closely related to the doctrines of finality, mootness, and primary jurisdiction, all of which are designed to postpone judicial intervention until the plaintiff's need for judicial help is clear and the record is adequate to enable the intelligent performance of the judicial function.

█ Exhaustion of administrative remedies is a sensible doctrine and we are not disposed to give it a grudging interpretation. But to the extent that it is a doctrine of federal common law rather than the inflexible command of a statute, it is to be applied with due regard for its underlying purpose and for considerations that may in particular cases counsel for a waiver. *Weinberger v. Salfi, supra,* 422 U.S. at 765, 95 S.Ct. at 2466; *Bowen v. City of New York,* 476 U.S. 467, 484, 106 S.Ct. 2022, 2032, 90 L.Ed.2d 462 (1986). If circumstances make it unreasonable to require the plaintiff to run the gauntlet of internal administrative appeals—perhaps because the internal appellate tribunals were not authorized to give him the relief he sought (the most common reason), or because the agency had placed unreasonable restrictions on access to them, or because the delay entailed by exhaustion would cause him irreparable harm—then the doctrine is not applied. *McCarthy v. Madigan, supra,* 503 U.S. at 147–48, 112 S.Ct. at 1087–88. The judgment of the district court on the question of waiver is entitled to considerable deference by the court of appeals, since the question is of a highly particularistic, case-specific character. *Powell v. AT & T Communications, Inc.,* 938 F.2d 823, 825 (7th Cir.1991); *Massengale v. Oklahoma Board of Examiners,* 30 F.3d 1325, 1328 (10th Cir.1994); *Committee of Blind Vendors v. District of Columbia,* 28 F.3d 130, 133 (D.C.Cir.1994).

█ Given the specialized technical or scientific character of a decision on when and how to harvest timber with minimum damage to environmental concerns, the district court was right, or at least reasonable, in refusing to countenance Mr. Glisson's extremely long delay in pursuing his administrative appeals, as a result of which the appellate process within the Forest Service is now closed to him. Had Glisson complied with the Service's not unreasonable requirements for filing an appeal, then even if he had gone on to lose before the agency at least the district court would have had a much more informative record of the Service's reasons for authorizing the timber sale. Glisson has not given any reason for his failure to comply with the 45–day appeal period. His argument that the failure was technical and insubstantial is unpersuasive. Without a statement of the objector's reasons, the agency cannot evaluate the strength of the objection. It is true that notices of appeal in the federal courts do not require a statement of reasons. But there the notice of appeal kicks off a leisurely, full-blown appellate process. Administrative remedies, here as usually, are more summary in character, as otherwise the interval between initial agency action and ultimate resolution on judicial review would be interminable.

Thus far we have treated the case, as have the parties, as involving the federal common law doctrine of exhaustion of administrative remedies, rather than a statutory doctrine of exhaustion. But two years ago the Supreme Court held, in a decision not discovered by either party to our case, that when the basis of judicial review of administrative action is the Administrative Procedure Act, the Act's provision on exhaustion (section 10(c), cited earlier) is exclusive. *Darby v. Cisneros,* —— U.S. ——, —— – ——, 113 S.Ct. 2539, 2544–45, 125 L.Ed.2d 113 (1993). (We are astonished that the Department of Justice, representing the Forest Service, should have overlooked *Darby.*) And that section, as interpreted by the Court, provides that "final" in the sense of definitive agency action is reviewable even if an administrative appeal is available unless either a statute or the agency's rules require exhaustion as a prerequi-

site to judicial review. Without such a requirement, the Court reasoned (trying to reconstruct the sense behind the provision), parties to administrative proceedings would not know when they could go to court. For example, it would often be unclear whether asking the agency for reconsideration of its decision was a remedy that had to be exhausted.

 Although Glisson by not citing section 10(c) might be thought to have waived it as a basis for jurisdiction, the usual rule is that if a court has jurisdiction it must retain a case even if the parties have failed to identify the correct basis of the court's jurisdiction. *Smith v. U.S. District Court,* 956 F.2d 647, 649 (7th Cir.1992); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1210, p. 121 (2d Ed.1990); cf. *Saturday Evening Post Co. v. Rumbleseat Press, Inc.,* 816 F.2d 1191, 1195–96 (7th Cir. 1987). It is true that the Supreme Court said in *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 809 n. 6, 106 S.Ct. 3229, 3233 n. 6, 92 L.Ed.2d 650 (1986), that "jurisdiction may not be sustained on a theory that the plaintiff has not advanced." But in context it is apparent that what the Court meant is simply that if the plaintiff chooses to base his claim on state law, the defendant cannot obtain federal jurisdiction by showing that the claim *could* have been based on federal law instead, unless it is one of those cases in which federal law has so far occupied the field as to extinguish any remedy under state law for the injury of which the plaintiff complains. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392–93, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987); *Saturday Evening Post Co. v. Rumbleseat Press, Inc., supra,* 816 F.2d at 1195.

But the principle that federal jurisdiction does not depend on identifying the correct basis of federal jurisdiction cannot help Glisson. The agency's regulations are explicit that an appeal to the Regional Forester from the decision of the supervisor of a national forest to sell lumber is a prerequisite for seeking judicial review. "It is the position of the Department of Agriculture that any filing for Federal judicial review of a decision subject to review under this part is premature and inappropriate unless the plaintiff has first sought to invoke and exhaust the procedures available under this part. This position may be waived upon a written finding by the Chief [of the Forest Service]." 36 C.F.R. § 217.18. So section 10(c) required exhaustion, and Glisson failed to exhaust.

The agency's refusal to reopen the proceeding on the basis of Glisson's allegedly new information is not before us, and we express no view on Glisson's judicial remedies, if any, against that refusal. Nor do we wish to disparage his concern with the decline of the Midwest's songbird population as a consequence, it is widely believed, of a reduction in forest cover. This suit, however, is barred by the Administrative Procedure Act's provision concerning exhaustion of administrative remedies.

AFFIRMED.