**GLOBE CONTRACTORS,
INC., Petitioner,**

v.

**Alexis M. HERMAN,\* Secretary, United
States Department of Labor,
Respondent.**

**No. 96–4206.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 19, 1997.

Decided Dec. 18, 1997.

---

\* During the pendency of this case, the Honorable Alexis M. Herman succeeded the Honorable Robert B. Reich as Secretary of Labor. Secretary Herman has been substituted for her predecessor pursuant to Fed.R.App.P. 43(c)(1).

Charles B. Palmer (argued), Waukesha, WI, for Petitioner.

Barbara Werthmann, Barbara A.W. McConnell (argued), Department of Labor, Occupational Safety Health Review, Washington, DC, Ray Darling, Jr., Occupational Safety & Health Review Commission, Washington, DC, David Zeigler, Occupational Safety & Health Administration, Office of the Director, Washington, DC, for Respondent.

Before POSNER, Chief Judge, and MANION and DIANE P. WOOD, Circuit Judges.

MANION, Circuit Judge.

Globe Contractors, Inc. (Globe) excavates and installs underground utility pipes. As a result of an inspection by the Occupational Safety and Health Administration (OSHA), Globe was cited for a willful violation of 29 C.F.R. § 1926.652(a)(1), for failing to shore up or slope the trench walls in an excavation. OSHA proposed a fine of $56,000. Globe challenged this citation. After notice and a hearing, the administrative law judge found Globe to have committed a willful violation, but reduced the fine to $20,000. Globe sought discretionary review by the Occupational Safety and Health Review Commission, which adopted the ALJ's decision by refusing to review the case. Globe now appeals. We affirm.

I.

Globe Contractors, Inc., a Wisconsin corporation, excavates and installs underground

utility pipes. Globe is considered a medium-sized business, with at least 50 employees. On October 21, 1994, Globe dug a trench in a public road in Appleton, Wisconsin, and began installing sanitary and storm sewer pipes in the trench. The trench extended from the middle of the public road toward a private residence along the side of the street. The trench had a depth which varied between ten and a half feet and eleven and a half feet, and at one end, there was a back-filled slope where workers could exit. The trench was as narrow as four feet across the bottom of the trench, and eight feet across the top. The walls of the trench were nearly vertical, and the trench was excavated in type B and C soil (type C soil being the most likely to collapse). A water main pipe, sixteen inches in diameter, extended for the length of the trench, five to seven feet below ground level.

On the morning of October 21, the OSHA office in Appleton received an anonymous phone call alerting it to possible violations at the Globe construction site. OSHA Compliance Officer Tom Crandall went to the site and saw two persons, one of them identified as Dean Van Straten, climbing out of the trench, using a ladder. Before climbing out of the trench, these men had not been visible in the trench. The trench walls were not shored up, and no trench box was in place. Crandall approached the trench, using profanity and acting in an unprofessional and belligerent manner. He then identified himself as an OSHA compliance officer and conducted an inspection in the presence of Kevin Van Straten, Globe's foreman.[1] The inspection lasted 15–30 minutes, and then Crandall left.

Two and a half hours later, Crandall returned to the work site with another compliance officer, Gordon Krohn. They discovered that Dean Van Straten, who had been seen climbing out of the trench in the morning, was standing in the trench. Additionally, no trench box was in place and the walls of the trench had not been shored up. Dean

Van Straten was standing on the water main. The compliance officers approached the trench, while taking photographs of Dean Van Straten exiting the trench.

As a result of these inspections, OSHA issued three citations against Globe, only one of which is at issue here: a citation for willfully failing to protect employees from a possible cave-in by using a protective system such as a trench box. Globe challenged this citation, and a hearing was held before an Administrative Law Judge (ALJ). At the hearing, Globe argued that the evidence from the inspections should be suppressed because the search violated the Fourth Amendment and OSHA's proscriptions against certain inspections. The ALJ, however, ruled that, although traffic was blocked due to the construction, Globe did not have an expectation of privacy on the public road. Also, he ruled that the compliance officers substantially complied with OSHA's requirements, and that Crandall's belligerent conduct did not prejudice Globe in preparing its defense. Further, the ALJ believed the testimony of the OSHA compliance officers and upheld the citation. However, the ALJ also found that no employees had been on the floor of the trench without a trench box in place. Thus, the ALJ found that the employees' exposure to this hazard was less serious, and reduced the sanction from $56,000 to $20,000.

█ Globe filed a Petition for Discretionary Review[2] before the OSH Review Commission, but did not raise the suppression argument. Any member of the Commission could have requested that the case be reviewed by the Commission, but none did so. The Commission thereby adopted the order of the ALJ as its own. 29 U.S.C. § 661(j). Globe appeals directly to this court, contending that the ALJ improperly denied its suppression motion. Globe also contends that the Secretary of Labor did not present evidence of a reasonable interpretation of an OSHA standard,[3] and that Globe did not

1. Kevin Van Straten is also Dean Van Straten's brother.

2. Litigants seeking review of the ALJ's decision by the OSH Review Commission must file a

Petition for Discretionary Review (PDR). 29 C.F.R. § 2200.91(b).

3. The Secretary of Labor has the obligation to interpret OSHA's standards. *Martin v. OSHRC (CF & I Steel Corp.),* 499 U.S. 144, 152, 111 S.Ct.

receive adequate notice of this interpretation. Finally, Globe complains that there is insufficient evidence to support a finding of willfulness.

## II.

### A. Waiver of Suppression Argument

■ Globe seeks to suppress the evidence obtained as a result of the two inspections by the compliance officers, because the belligerent conduct of the officers rendered the inspection unreasonable, and because no search warrant was obtained. It is undisputed that Globe failed to raise these arguments to the OSH Review Commission in the Petition for Discretionary Review.[4] Rather, it contends that it did not have to make the argument to the Commission to preserve the issue on appeal. In the alternative, it maintains that even·if the suppression argument is not preserved, extraordinary circumstances justify appellate review of this issue.

The OSH Act provides that in a review of an order by the U.S. Court of Appeals, "no objection that has not been argued before the Commission shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." 29 U.S.C. § 660(a).[5] In *In re Establishment Inspection of Kohler Co.*, 935 F.2d 810 (7th Cir. 1991), this court dismissed an appeal because Kohler had challenged an OSHA safety inspection warrant before the federal district court, instead of proceeding through OSHA's appeal process. We reasoned that "[u]nless administrative hearings take place, there will be no occasion to suppress evidence." *Id.* at 812. Therefore, we concluded, the objections should be addressed first in proceedings before the Commission. While *Kohler* did not specifically differentiate between review by the administrative law judge and review by

the Commission, the holding of the case was that review by the Commission is a prerequisite to review by this court. *Id.* at 814 ("We ... now join the other circuits that require parties challenging completed OSHA inspections on Fourth Amendment grounds to address their arguments to the Review Commission before turning to the federal courts."). Congress could have chosen to provide that raising an issue before a hearing examiner is sufficient for appellate review, as it did in the National Labor Relations Act, but it chose not to. *Cf.* 29 U.S.C. § 160(e) ("No objection that has not been urged before *the Board, its member, agent or agency,* shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.") (emphasis added); *see also Keystone Roofing Co. v. OSHRC,* 539 F.2d 960, 963 (3d Cir.1976).

Globe relies on *Weyerhaeuser Co. v. Marshall,* 592 F.2d 373, 375–77 (7th Cir.1979). *Weyerhaeuser* arose out of a challenge to a safety inspection warrant sought by OSHA and issued by a district court. Prior to the *Weyerhaeuser* case, the OSHA Review Commission announced that it categorically refused to rule on the constitutionality of administrative search warrants. *Weyerhaeuser* held that because raising the issue to the Commission would therefore be futile, Weyerhaeuser was excused from having to exhaust its administrative remedies. *Id.* at 376; *accord, Federal Casting Div. v. Donovan,* 684 F.2d 504, 507–08 (7th Cir.1982); *see also Kohler,* 935 F.2d at 813. *Kohler* distinguished *Weyerhaeuser* on the grounds that the Commission now considers constitutional challenges to OSHA inspection warrants. 935 F.2d at 813–14. *Kohler* controls, and unless extraordinary circumstances excuse raising the suppression argument in the Peti-

---

1171, 1176, 113 L.Ed.2d 117 (1991). The Review Commission and this court review these interpretations for reasonableness. *Id.* at 156, 111 S.Ct. at 1178–79.

4. Both arguments were raised to and rejected by the ALJ.

5. The regulations further provide that "The failure of a party adversely affected or aggrieved by

the Judge's decision to file a petition for discretionary review may foreclose court review of the objections to the Judge's decision." 29 C.F.R. § 2200.91(f). "May" is used, instead of "shall," to reflect that, regardless of whether a Petition for Discretionary Review is filed, the Commission may choose to review a decision. 29 C.F.R. § 2200.91(a).

tion for Discretionary Review, we will not review it.

## B. Extraordinary Circumstances

 Globe asserts that the Secretary's interpretation of Section 8 of the OSH Act (pertaining to reasonable inspections) changed between filing of the Petition for Discretionary Review and this appeal, and that this change excuses its failure to raise the suppression argument in the PDR. Globe specifically points to two decisions, *Secretary v. L.R. Willson & Sons, Inc.*, 1997 WL 111084 (March 11, 1997, OSHRC), and *Secretary v. Regional Scaffolding & Hoisting Co, Inc.*, 1997 WL 111082 (March 11, 1997, OSHRC),[6] which held that Section 8 of OSH Act and the Fourth Amendment are not coextensive. Globe notes that when a change in the interpretation of a statute is announced between the time of a lower court's determination and the filing of an appeal, the issue is not waived on appeal. *See, e.g., Santos v. United States*, 417 F.2d 340, 345 (7th Cir.1969), *vacated on other grounds*, 397 U.S. 46, 90 S.Ct. 811, 25 L.Ed.2d 36 (1970) (defendant did not have to anticipate favorable Supreme Court ruling to preserve Fifth Amendment claim on appeal).

 If a substantive change in the law were to occur between the filing of the Petition for Discretionary Review and this appeal, it could well constitute extraordinary circumstances. To make that determination, we need to review OSHA's interpretation of the Fourth Amendment compared to Section 8 of the OSH Act. Of course, the Fourth Amendment prohibits unreasonable searches. Section 8(a)(2) of the OSH Act authorizes inspections "during regular working hours and at other reasonable times, and within reasonable limits and in a reasonable manner...." For many years, OSHA interpreted Section 8 as being coextensive with the Fourth Amendment. *See, e.g., Secretary v. Laclede Gas Co.*, 7 O.S.H. Cas. (BNA) 1874, 1877, 1979 O.S.H. Dec. para. 24,007, p. 29153 (1979) (in the absence of a Fourth Amendment violation, no Section 8 violation). In

contrast, *L.R. Willson*, decided in 1997, held that the Fourth Amendment and Section 8(a) are not coextensive: in the absence of a Fourth Amendment violation, Section 8(a) may be found to have been violated. For example, an employer may consent to a search, removing any Fourth Amendment claim, but if the search is performed in an unreasonable manner, there could still be a Section 8(a) violation. Similarly, an off-site inspection, such as observing a site from another building, may trigger Fourth Amendment concerns, but Section 8(a) would be inapplicable. *Id.* at *3.

However, the change in the law recognized by *L.R. Willson*, actually occurred prior to the filing of the Petition for Discretionary Review in this case. In 1993, the Commission held in *Secretary v. Hamilton Fixture, Inc.*, 16 O.S.H. Cas. (BNA) 1073, 1078 (1993), *aff'd*, 28 F.3d 1213 (6th Cir.1994) (unpublished opinion), that consenting to a search did not preclude a violation of Section 8(a) and suppression of the evidence. *Hamilton* also held that despite the absence of a reasonable expectation of privacy, the ALJ may suppress evidence if OSHA violated Section 8's proscription on searches conducted in an unreasonable manner. *Willson* acknowledged *Hamilton's* prior holding: "Today we state explicitly what has been implicit in our recent decisions: the provisions of section 8(a) are not coextensive with those of the Fourth Amendment." *Id.* at *3. For the most part the difference is probably slight and it would likely require a substantial departure from the norm to succeed on a claim confined to Section 8(a). While no such departure is apparent here, we need not decide because the issue is forfeited. The progression from *Hamilton* to *Willson* is ordinary and predictable, and after *Hamilton*, Globe could not reasonably ignore the possibility that it may have a Section 8 claim, even if no Fourth Amendment violation exists. Therefore, we find no extraordinary circumstances, and we will not consider the suppression arguments.

---

6. Copies of these decisions found in the appellant's short appendix are marked "For Educational Use Only." Therefore, we rely on our own copies of these cases. *Cf. McLaughlin by McLaughlin v. Boston School Committee*, 976 F.Supp. 53, 67 (D.Mass.1997).

## C. Secretary's Interpretation of OSHA Standard

 Globe has constructed a technical and somewhat creative argument attacking the sufficiency of the evidence against it. Globe acknowledges that the ALJ found that employees were in the trench, but not at the bottom of the trench. Instead, when observed, they were either standing on a pipe or climbing out on a ladder. Globe argues that there is no evidence that Secretary of Labor had interpreted the applicable regulation to apply to employees in, but not at the bottom, of trenches. The citations issued, however, refute this argument. OSHA Regulation 29 C.F.R. § 1926.652(a)(1) states:

(a) Protection of employees in excavations.

 (1) Each employee in an excavation shall be protected from cave-ins by an adequate protective system designed in accordance with paragraph (b) or (c) of this section except when

 (i) Excavations are made entirely in stable rock; or

 (ii) Excavations are less than 5 feet (1.52 m) in depth and examination of the ground by a competent person provides no indication of a potential cave-in

It is undisputed that the standard applies to the trench dug by Globe. The regulation, however, makes no mention of where an employee must be in the trench for the standard to apply. Therefore, we must look to how the Secretary has interpreted this regulation. *Martin v. OSHRC (CF & I Steel Corp.)*, 499 U.S. 144, 157, 111 S.Ct. 1171, 1179, 113 L.Ed.2d 117 (1991). Globe argues that there is no evidence in the record of a reasonable interpretation by the Secretary of this standard, except that provided Globe's expert, Phillip Van Kuiken, a former OSHA supervisor. He testified that the standard was interpreted to apply based on the depth of the employee, not the depth of the trench. Therefore, if an employee stood on a ladder in a trench, so that he was only four feet deep in the trench, the standard would not apply.[7]

Globe, however, misreads the charges set out in the citation issued. The citation listing violations after an inspection is an appropriate means for the Secretary to announce an interpretation of the Regulations. *Id.* The citation states that "(a) Two employees were observed exiting from an excavation eleven feet six inches (11'-6") deep. The excavation was not shored, sloped or have [sic] a trench box installed for employee protection against cave-in. This incident occurred at 10:42 AM, 10/21/94. (b) One employee was observed in the bottom of the same excavation at a depth of ten feet six inches (10'-6") deep. The excavation was not shored, sloped or have [sic] a trench box installed for employee protection against cave-in. This incident occurred at 1:20 PM, 10/21/94." Thus, the citation reflects that the Secretary has interpreted the standard as applying to employees in the excavation, regardless of their position in the excavation, as long as the employees are exposed to some hazard.[8] Additionally, prior to this citation, the Secretary interpreted the standard to apply to persons in, but not on the bottom of, an excavation. *See, e.g., Secretary v. Ford Dev. Corp.*, 15 O.S.H. Cas. (BNA) 2003 (1992) (person standing on pipe in trench covered by standard).[9]

## D. Willful Citation

 Globe also contends that substantial evidence does not support the ALJ's conclusion that the violation was willful. "An OSHA violation is willful if it is committed with intentional disregard of, or plain indif-

---

7. Globe does not argue that it would be unreasonable to interpret this statute as applying to persons in, but not at the bottom, of a trench; rather, it merely contends that there is no evidence in the record that the Secretary has, in fact, interpreted the standard in this manner.

8. The ALJ reduced the penalty for this violation from $56,000 to $20,000 to reflect the lessened employee exposure to the unshored trench.

9. This conclusion also moots the argument that Globe was not given adequate notice of the Secretary's interpretation. Of course, Globe was still free to challenge the reasonableness of the Secretary's interpretation, but it chose not to.

ference to, the requirements of the statute." *Caterpillar Inc. v. OSHRC,* 122 F.3d 437, 440 (7th Cir.1997) (citing *Valdak Corp. v. OSHRC,* 73 F.3d 1466, 1468 (8th Cir.1996)). The Commission's finding will be sustained if it is not arbitrary and capricious and is in accordance with the law. *Id.*

Globe had been cited for violating 29 C.F.R. § 1926.652 at least eleven times between 1989 and 1993. One of these citations resulted from a cave-in which buried a Globe employee. Additionally, when OSHA inspected the site on October 21, 1994, Globe's employees exited the trench in a hurried manner, which the ALJ found to show that they knew that they were violating OSHA's standard. Further, it was proven that Kevin Van Straten, Globe's foreman and "competent person," an OSHA term of art meaning the person responsible for enforcing OSHA standards, was aware of both incidents, and condoned them, or ignored them. Ignoring the violations would amount to plain indifference to the requirements of the standards, and as Van Straten was the "competent person," his conduct is properly attributable to Globe. We cannot say, on this record, that the ALJ's decision was arbitrary and capricious.

### III.

Globe waived its suppression argument by failing to raise it in its Petition for Discretionary Review to the Commission, and there are no extraordinary circumstances which excuse Globe's failure to raise this argument. The evidence at the hearing established that the Secretary announced a reasonable interpretation of the standard, that Globe violated that standard, and that the ALJ's characterization of that violation as willful was not arbitrary and capricious.

AFFIRMED.