# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**PAUL L. JEFFERSON**
**MARK STUAAN**
Barnes & Thornburg, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana



**FILED**

Jun 26 2012, 9:17 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

IN RE THE MATTER OF A SEARCH )
WARRANT REGARDING THE )
FOLLOWING REAL ESTATE, )
)
SENSIENT FLAVORS LLC, )
)
    Appellant-Defendant, )
)
        vs. )    No. 49A02-1109-MC-844
)
INDIANA OCCUPATIONAL SAFETY AND )
HEALTH ADMINISTRATION, )
)
    Appellee-Plaintiff. )
)

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant W. Hawkins, Judge
Cause No. 49G05-1109-MC-2441

**June 26, 2012**

**OPINION - FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

The Indiana Commissioner of Labor filed a petition for an anticipatory search warrant in order to conduct an administrative inspection of Sensient Flavors LLC's Indianapolis facility. Sensient opposed the search warrant and was successful in getting it quashed. The trial court later issued an amended search warrant that was more restrictive than the original. Although the search of Sensient's facility has been completed, Sensient appeals the issuance of the amended search warrant, arguing that it was not supported by probable cause and unreasonable because it did not contain any limitations regarding the scope or manner of the search. Concluding that Sensient has failed to exhaust its administrative remedies, we dismiss this appeal.

**Facts and Procedural History**

Sensient is a Delaware limited liability company with its principal place of business at 5600-5700 West Raymond Street in Indianapolis. Sensient manufactures and distributes proprietary flavors that are used in food and beverages. As part of its business, Sensient uses certain substances that are listed as "high priority" by the U.S. Department of Health and Human Services. One such substance is diacetyl. Appellant's App. p. 142. Diacetyl is used to add flavor and aroma to food and is typically used in microwave popcorn. The government has been investigating the use of diacetyl in facilities that manufacture food flavorings because of the dangers diacetyl poses to workers, and Sensient became a target.

The Occupational Safety and Health Act of 1970 created both The National Institute for Occupational Safety and Health (NIOSH) and the Occupational Safety and

2

Health Administration (OSHA).  *About NIOSH*, The Nat'l Inst. for Occupational Safety & Health, http://www.cdc.gov/niosh/about.html (last visited June 8, 2012).  OSHA is in the U.S. Department of Labor and is responsible for developing and enforcing workplace safety and health regulations.  *Id.*  NIOSH is part of the Centers for Disease Control and Prevention (CDC) in the U.S. Department of Health and Human Services.  *Id.*  NIOSH is an agency established to help ensure safe and healthful working conditions for working men and women by providing research, information, education, and training in the field of occupational safety and health.  *Id.*

On the state level, the Indiana Occupational Safety and Health Administration (IOSHA), which is part of the Indiana Department of Labor, is dedicated to ensuring Hoosier workplace safety and health by reducing hazards and exposures in the workplace environment that result in occupational injuries, illnesses, and fatalities.  *IOSHA*, Ind. Dep't of Labor, http://www.in.gov/dol/iosha.htm  (last visited June 8, 2012).

At some point, the International Brotherhood of Teamsters Local 137 became concerned about possible respiratory problems and the use of flavoring chemicals, including diacetyl, at Sensient's facility.  Accordingly, the union requested a Health Hazard Evaluation from NIOSH.  NIOSH investigators visited Sensient's facility in May 2008 and performed air sampling and received records of spriometry, a type of lung-function test, in June 2008.  After a delay incurred by litigation, Sensient provided additional spirometry records through September 2009 and air-sampling results through August 2009.  In June 2011, NIOSH issued a forty-eight-page final Health Hazard Evaluation Report, which concluded that Sensient employees had experienced adverse

respiratory conditions due to exposure to food-flavoring chemicals, including diacetyl. Appellant's App. p. 39-91.

On September 9, 2011, the Indiana Commissioner of Labor ("Commissioner") filed a Petition for Anticipatory Search Warrant in Marion Superior Court to conduct an administrative inspection of Sensient's facility. Notably, probable cause in the criminal sense is not required for administrative search warrants. *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 320 (1978); *State v. Kokomo Tube Co.*, 426 N.E.2d 1338, 1343 (Ind. Ct. App. 1981). That is, probable cause to conduct a nonconsensual inspection of business premises can be established by presenting specific evidence of an existing violation or by showing compliance with reasonable legislative or administrative standards for inspecting the premises in question. *Barlow's*, 436 U.S. at 320; *Kokomo Tube*, 426 N.E.2d at 1342. Here, the Commissioner wanted to determine whether Sensient was furnishing its employees "a place of employment which is free from recognized hazards that are causing or are likely to cause death or serious physical harm to employees" and whether Sensient was "complying with the occupational safety and health standards promulgated under the Indiana Occupational Safety and Health Act, Ind. Code § 22-8-1.1-1 . . . ." Appellant's App. p. 8.

The Commissioner sought an anticipatory search warrant because in the past Sensient had failed to cooperate with IOSHA's Compliance Safety and Health Officers (CSHOs). *Id.* The Petition for Anticipatory Search Warrant was supported by the affidavits of the Director of Industrial Safety and Hygiene and a CSHO. The affidavits specifically averred that IOSHA had received a referral from OSHA regarding Sensient

4

and IOSHA wished to carry out an "unprogrammed inspection" of Sensient because of that referral.[1] *Id.* at 12. The referral was based on NIOSH's June 2011 report that revealed Sensient employees had experienced adverse respiratory conditions due to exposure to food-flavoring chemicals. The trial court granted the search warrant that day.

But on September 12, Sensient filed an emergency motion to stay the search warrant. The trial court scheduled a hearing for the next day. At the September 13 hearing, Sensient argued that the search warrant was not supported by probable cause. The Commissioner was given additional time to supplement the documentation in support of the search warrant. On September 14, the Commissioner filed supplemental documentation in support of the search warrant, including an amended affidavit of the CSHO. The amended affidavit provides, in pertinent part:

> 4. That in approximately mid to late July 2011, Richard Fairfax, Deputy Assistant Secretary at federal OSHA referred the NIOSH report to my superior Jeffry Carter, Deputy Commissioner, Indiana Occupational Health and Safety Administration for an inspection regarding the findings of the 2011 NIOSH report at Sensient.
>
> 5. That NIOSH sent copies of their June 2011 final report, which is attached as Exhibit 3 and incorporated herein, to representatives at Sensient, the International Brotherhood of Teamsters Local 137, Indiana State Department of Health, and OSHA Region V office in Chicago in the summer of 2011. See page 40 of Exhibit 3 (the NIOSH report).
>
> 6. That NIOSH received a request from the local union for the Health Hazard Evaluation because it was concerned about possible respiratory problems and the use of flavoring chemicals. See page iii, Exhibit 3.
>
> 7. That the team from NIOSH that conducted the inspection at Sensient resulting in the 2011 report consisted of two industrial hygienists and two medical doctors. See Exhibit 2 page 3.

---

[1] "Unprogrammed inspections" are those "where alleged hazardous working conditions have been identified at a specific establishment and include fatality/catastrophe investigations, complaint or referral inspections[,] and follow-up inspections." Appellant's App. p. 12.

\* \* \* \* \*

9. [T]here is a national emphasis program designated by federal OSHA covering the manufacture of food flavorings containing diacetyl. Please see attached Exhibit 4 incorporated herein. A national emphasis program is used to identify and reduce or eliminate hazards associated with employee exposure to flavoring chemicals in facilities that manufacture food flavorings containing diacetyl. See, abstract page 3 of Exhibit 4.

\* \* \* \* \*

11. That documentation and information received from Mr. Fairfax included the June 2011 NIOSH report that revealed that employees have experienced adverse respiratory conditions due to exposure to food flavoring chemicals. See Exhibit 3.

12. That IOSHA has a policy of conducting inspections of referrals that allege serious health hazards as stated in the Indiana Field Inspection Reference Manual, Chapter 1, page I-11 of Exhibit 5 attached and incorporated herein.

*Id.* at 24-25. The June 2011 NIOSH report, which was attached to the CSHO's amended affidavit, makes the following conclusions:

The findings from our spirometry record review indicate that the flavorings manufacturing facility employees who underwent spirometry testing at the contracted clinic had 3.8 times greater prevalence of spirometric restriction than the U.S. population after adjusting for age, gender, race, smoking, and body mass index. About one-third of employees had spirometric abnormalities, most of them restrictive in nature. . . . Statistical modeling indicated that abnormal decline in $FEV_1$ [forced expiratory volume in one second] and that annualized average decreases in $FEV_1$ and FVC [forced vital capacity] were associated with working in areas with higher potential for exposure to flavoring chemicals. Employees who had ever done liquid processing had greater average annualized falls in spirometric measurements than employees who had never worked in an area with higher potential for flavoring exposure. *These results suggest that the flavorings company employees are experiencing respiratory health effects related to ongoing exposures in the workplace*.

6

*Id.* at 81 (emphasis added). The report also offered recommendations to Sensient on how to reduce exposure to harmful chemicals. *Id.* at 81-84.

At a September 14 hearing, the Commissioner agreed that the scope of the September 9 warrant was too broad and should be limited to documents, records, and areas associated with the use of flavoring substances listed in Appendix D of OSHA's National Enforcement Program to identify and reduce or eliminate hazards associated with exposures to flavoring chemicals. Tr. p. 58; Appellant's App. p. 92, 140-150. Accordingly, the trial court quashed the September 9 search warrant but noted that it would issue an amended search warrant that limited the scope of the search to documents, records, and areas associated with the use of the substances listed in Appendix D. Sensient objected to any amended search warrant and asked that it be quashed. The trial court, however, denied this request as well as Sensient's request to stay execution of the amended search warrant pending appeal.

On the next day, September 15, the trial court issued the amended search warrant. The only substantive difference between the original and amended search warrants is the inclusion of this paragraph at the end of the amended search warrant:

> However, this warrant shall be limited in scope to those documents, records, and areas associated with the use of flavoring substances listed as high priority in Appendix D of the National [E]nforcement Program, CPL 03-00-011, pages D-3 through D-13.

Appellant's App. p. 7. Sensient immediately appealed and asked this Court to stay execution of the amended search warrant. We denied their request on September 16, and the briefing process continued.

7

In the meantime, Sensient continued to litigate this matter in the trial court. In October 2011, Sensient filed an Emergency Motion to Quash Search Warrant, Exclude Evidence and for Sanctions. *Id.* at 2. A flurry of motions followed, and the search warrant was stayed pending resolution of these and other issues. Finally, in January 2012, the trial court denied Sensient's Emergency Motion to Quash Search Warrant, Exclude Evidence and for Sanctions. The trial court also denied Sensient's further motion to stay execution of the amended search warrant.

On February 22, 2012, IOSHA filed a notice in the trial court that the amended search warrant for Sensient's facility had been fully executed and IOSHA would not undertake any further searches pursuant to that warrant. Appellee's App. p. 9.

At this point, activity resumed in this Court. In March 2012, IOSHA filed a motion to dismiss the appeal, arguing that because the search of Sensient's facility had already been completed, the matter was moot. This Court denied IOSHA's motion in a 2-to-1 vote. *Sensient Flavors, LLC v. Ind. Occupational Safety & Health Admin.*, No. 49A02-1109-MC-844 (Ind. Ct. App. Apr. 2, 2012).

**Discussion and Decision**

Sensient challenges the amended search warrant on two grounds: (1) it is not supported by probable cause and (2) it is unreasonable because it does not contain any limitations regarding the scope or manner of the search. Accordingly, Sensient asks us to "void" the warrant. IOSHA makes two arguments in response. First, IOSHA argues that the issue of whether the amended search warrant should be voided is moot because the search has already been completed. Second, IOSHA argues that because the search is

8

complete, the only possible issue is suppression of the evidence obtained as a result of the search if such evidence is going to be used in finding safety violations and imposing penalties; however, Sensient must first present this issue to the agency and exhaust its administrative remedies.[2] We find IOSHA's second argument to carry the day in light of Seventh Circuit case law on this very issue.

In *In re Establishment Inspection of Kohler Company*, 935 F.2d 810 (7th Cir. 1991), Kohler Company, a Wisconsin company, sought to quash an administrative search warrant issued to OSHA on grounds that OSHA lacked probable cause to inspect its plant. Like this case, OSHA argued that because the inspection had already been completed, the issue was moot. The Seventh Circuit, however, did not address OSHA's mootness argument because it found that Kohler had failed to exhaust its administrative remedies. *Id.* at 812. Specifically, the court found that according to the Occupational Safety and Health Act of 1970 (OSH Act), it was "without jurisdiction to consider Kohler's challenge to the warrant that authorized OSHA's inspection." *Id.* The court noted that Section 10(a) of the OSH Act "requires parties to contest OSHA citations before the Review Commission before obtaining judicial review" and Section 11(a) provides that "no objection that has not been argued before the Commission shall be considered by the court . . . ." *Id.* (citing 29 U.S.C. §§ 659, 660). Accordingly, the court concluded, "We cannot, therefore, review a motion to suppress evidence . . . that has not

---

[2] We note that Sensient argues in its reply brief that it is not seeking to suppress any evidence; however, given that the search has already been completed, it is unclear what the remedy would be if we were to find that the amended warrant was not properly issued. *See* Appellant's Reply Br. p. 11 ("IOSHA hypothesizes that the goal of this appeal is the suppression of evidence (which it is not) and thus whether the warrant was deficient as a matter of law is subject to exhaustion issues.").

been presented to the Review Commission. . . . To address Kohler's motion to quash now would enable Kohler to circumvent the statutory exhaustion requirement." *Id.*

The court then highlighted the importance of exhausting administrative remedies, that is, it "protects the autonomy of administrative agencies, respects administrative expertise, facilitates judicial review by ensuring a well-developed factual record, and promotes judicial economy by avoiding piece-meal review of cases and by giving the agency the opportunity to resolve the case to the parties' mutual satisfaction without judicial interference." *Id.* Particularly relevant to this case, the court explained:

> The rationale for applying the doctrine may be even stronger in the context of a case, like this one, that raises a constitutional question, because the exhaustion requirement enables courts to avoid deciding cases on constitutional grounds unnecessarily; during administrative proceedings the constitutional issue, or the entire case, for that matter, may be resolved favorably for the aggrieved party, obviating the need for the courts to address the constitutional claim.

*Id.* at 812-813. The court noted that these considerations have led many of the circuits to require companies seeking to suppress evidence obtained during OSHA inspections to contest OSHA citations before the Review Commission before turning to the federal courts for relief. *Id.* at 813. The Seventh Circuit therefore "join[ed] the other circuits that require parties challenging completed OSHA inspections on fourth amendment grounds to address their arguments to the Review Commission before turning to the federal courts."[3] *Id.* at 814; *see also Trinity Marine Products, Inc. v. Chao*, 512 F.3d 198,

---

[3] The court noted that according to *Weyerhaeuser Co. v. Marshall*, 592 F.2d 373 (7th Cir. 1979), an exception to the exhaustion requirement is when doing so would be pointless. *Kohler*, 935 F.2d at 814. That exception did not apply in *Kohler*.

The court also headed off any argument that requiring the Review Commission to rule on motions to suppress evidence presented a separation-of-powers problem. *Id.*

10

203 (5th Cir. 2007) ("Administrative warrants also differ from traditional criminal warrants in that the exhaustion-of-administrative-remedies doctrine applies, meaning that an employer who wishes to challenge a warrant cannot immediately file a motion in district court to suppress the evidence after the warrant has been executed.").

Treatises provide likewise. According to LaFave, "An executed search warrant may not be immediately challenged in court, as the business must first exhaust its administrative remedies. *The same is true as to state counterparts of OSHA.*" 5 Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 10.2 n.37 (4th ed. 2004) (emphasis added) (citations omitted).

Although we are not bound by federal court of appeals' precedent, because the federal OHSA statutes closely resemble ours, federal case law is persuasive. *See Comm'r of Labor v. Gary Steel Products Corp.*, 643 N.E.2d 407, 412 (Ind. Ct. App. 1994); *Comm'r of Labor v. Talbert Mfg. Co.*, 593 N.E.2d 1229, 1232 (Ind. Ct. App. 1992). Similar to the OSH Act, the Indiana Occupational Safety and Health Act (IOSH Act) requires employers to contest citations before petitioning for judicial review. *See* Ind. Code § 22-8-1.1-28.1(b) ("If the employer wishes to petition for review of a penalty assessment, he *must* file a written petition for review under IC 4-21.5-3-7 with the commissioner within fifteen (15) working days of the receipt of the notice of penalty." (emphasis added)). Further, judicial review of citations is governed by Indiana's

---

Finally, the court premised its holding on the ability of employers to challenge OSHA inspection warrants in district court. *Id.* at 815. In this case, Sensient did just that and was successful in getting the original search warrant quashed. Sensient continued to challenge the amended search warrant in the trial court even after filing a notice of appeal and obtained a stay until January 2012, when its motion to quash the amended warrant was finally denied. Appellant's App. p. 2-6.

11

Administrative Orders and Procedures Act (AOPA), which requires issues to be presented to the Indiana Board of Safety Review[4] before seeking judicial review.[5] *LTV Steel Co. v. Griffin*, 730 N.E.2d 1251, 1255 (Ind. 2000); *see also* Ind. Code §§ 4-21.5-5-10, -4(a) ("A person may file a petition for judicial review under this chapter only after exhausting all administrative remedies available within the agency whose action is being challenged and within any other agency authorized to exercise administrative review.").

The Indiana Supreme Court has also emphasized the value of completing administrative proceedings before resorting to judicial review. *Johnson v. Celebration Fireworks, Inc.*, 829 N.E.2d 979, 982 (Ind. 2005). Similar to the Seventh Circuit in *Kohler*, our Supreme Court has found that the exhaustion doctrine is supported by "strong policy reasons and considerations of judicial economy," particularly:

> The exhaustion doctrine is intended to defer judicial review until controversies have been channeled through the complete administrative process. The exhaustion requirement serves to avoid collateral, dilatory action . . . and to ensure the efficient, uninterrupted progression of administrative proceedings and the effective application of judicial review. It provides an agency with an opportunity to correct its own errors, to afford the parties and the courts the benefit of [the agency's] experience and expertise, and to compile a [factual] record which is adequate for judicial review.

*Id.* (quotation omitted). Also similar to the Seventh Circuit in *Kohler*, our Supreme Court concluded that even where "the ground of the complaint is the unconstitutionality of the statute, *which may be beyond the agency's power to resolve*, exhaustion of administrative

---

[4] The Board of Safety Review conducts hearing on contests involving safety orders, penalties, and notices of failure to correct a violation issued under Indiana Code chapter 22-8-1.1 and may affirm, modify, or dismiss the action of the Commissioner in respect to the violation, penalty, and abatement period. Ind. Code § 22-8-1.1-30.1(b).

[5] AOPA sets forth two exceptions, neither of which apply here.

12

remedies may still be required because administrative action may resolve the case on other grounds without confronting broader legal issues." *Id.* at 982-83 (emphasis added) (quotation omitted).[6]

Here, Sensient has administrative remedies still available to it. The IOSH Act provides that if following an administrative search, the Commissioner or his designated representative determines that there are occupational safety and health violations, the Commissioner "shall issue a safety order"[7] and may impose civil penalties on the employer. Ind. Code §§ 22-8-1.1-25.1, -27.1. An employer receiving a safety order may file a petition for review with the Commissioner, who has five working days in which to affirm, amend, or dismiss the safety order and penalty, if any. Ind. Code §§ 22-8-1.1-28.1(a), -28.3(a); *see also* I.C. § 22-8-1.1-28.1(b) (noting that when there is a penalty assessment, the employer "must" file a written petition for review). If a petition for review is granted, the Commissioner shall immediately certify the dispute to the Board of Safety Review, which must hold a hearing. Ind. Code §§ 22-8-1.1-28.5, -35.3. The Board of Safety Review may affirm, modify, or dismiss the action of the Commissioner concerning an alleged violation, including any penalty or abatement period. Ind. Code § 22-8-1.1-30.1; *see also Griffin*, 730 N.E.2d at 1255. Finally, orders by the Board of Safety Review are subject to judicial review in accordance with Indiana Code chapter 4-21.5-5. Ind. Code § 22-8-1.1-35.5. Because Sensient's remaining relief is suppression of the evidence obtained during the search, it must exhaust these administrative remedies

---

[6] We acknowledge Sensient's concern that it is effectively denied review of its constitutional issue right now; however, this review is merely delayed until it becomes necessary to address this issue.

[7] A "safety order" "refers to a notice issued to employers by the commissioner of labor for alleged violations of this chapter, including any health and safety standards." Ind. Code § 22-8-1.1-1.

first.[8]  As noted by both the *Kohler* and *Johnson* Courts, it does not matter that this case raises a constitutional question.  Because Sensient has failed to exhaust its administrative remedies, we dismiss this appeal.

Dismissed.

CRONE, J., and BRADFORD, J., concur.

---

[8] The *Kohler* Court noted that "a determination that the OSHA inspectors lacked probable cause could conceivably support a section 1983 action, giving Kohler another possible remedy for the unconstitutional search and rescuing the case from mootness."  935 F.2d at 812.  Sensient has filed such a case in federal court in *Sensient Flavors LLC v. Ind. Occupational Safety & Health Admin,, et. al*, 1:11-CV-1622-JMS-DML.  *See* Appellant's Br. p. 6 n.4.